**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **STEFANY CRISTINA MARTINEZ ROBLETO,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-772-KC** |
| | § | |
| **DEPARTMENT OF HOMELAND SECURITY,** | § § § | |
| **Respondent.** | § § | |

**<u>SHOW CAUSE ORDER</u>**

On this day, the Court considered Stefany Cristina Martinez Robleto Martinez Robleto's

Motion to Proceed In Forma Pauperis ("IFP"), ECF No. 1, and Petition for a Writ of Habeas

Corpus, ECF No. 1-1.  Martinez Robleto is detained at the El Paso Service Processing Center in

El Paso, Texas.  Pet. ¶ 2.  She argues that her detention is unlawful and asks the Court to order

release or a bond hearing.  *Id.* ¶¶ 13–15.

As a preliminary matter, Martinez Robleto requests that the Court allow her to proceed

IFP and waive the filing fee for her Petition.  *See generally* Mot.  To determine whether a litigant

qualifies for IFP status, "the central question is whether the movant can afford the costs of

proceeding without undue hardship or deprivation of the necessities of life."  *Ayers v. Tex Dep't

of Crim. Just.*, No. 96-cv-10614, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (citing *Adkins

v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  Absolute destitution is not

required.  *Id.*  In making this determination, courts consider factors such as the movant's present

assets, reasonably anticipated income, and necessary living expenses.  *Roden v. Texas,* No. 94-

cv-10808, 1995 WL 371022, at *2 (5th Cir. June 2, 1995).  Based on her Motion, Martinez

Robleto no longer has any source of income and does not have any assets. Mot. ¶¶ 1–5. And she has been in immigration detention for over six months. Pet. ¶ 13. Thus, she has made the requisite showing that she is unable to afford the costs of the proceeding.

On August 27, 2025, Immigration and Customs Enforcement ("ICE") detained Martinez Robleto after she was arrested by local law enforcement. Pet. ¶ 13. Prior to her detention, "ICE had already granted [her] permission to stay" pending the adjudication of her asylum claim. *Id.* As alleged, her case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected. Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Martinez Robleto's case warrant a different outcome.

Accordingly, the Court **ORDERS** that Petitioner's IFP Motion, ECF No. 1, is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by <u>no later than March 27, 2026</u>, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through

their counsel.  *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

SO ORDERED.

SIGNED this 20th day of March, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3